IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

MELVIN JOSEPH VOGT,　§
TDCJ #648721,　　　　　§
　　　　　　　　　　　　§
　　　　Petitioner,　　§
　　　　　　　　　　　　§
v.　　　　　　　　　　　§
　　　　　　　　　　　　§　CIVIL ACTION NO. H-18-1714
LORIE DAVIS, Director,　§
Texas Department of Criminal §
Justice - Correctional　§
Institutions Division,　§
　　　　　　　　　　　　§
　　　　Respondent.　　§

## MEMORANDUM OPINION AND ORDER

State inmate Melvin Joseph Vogt (TDCJ #648721) has filed a Petition for a Writ of Habeas Corpus By a Person in State Custody ("Petition") (Docket Entry No. 1) challenging a state court conviction that was entered against him in 1993. After reviewing the pleadings in accordance with Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the court will dismiss this case for the reasons explained below.

## I. Background

In 1993 Vogt pled guilty in the 268th District Court of Fort Bend County, Texas, to burglary of a building and received a sentence of 99 years' imprisonment in Cause No. 92-DCR-23554A.[1]

---

[1] Petition, Docket Entry No. 1, pp. 2-3.

The conviction was affirmed on direct appeal in an unpublished opinion. See Vogt v. State, No. 01-93-00427-CR, 1994 WL 11429 (Tex. App. — Houston [1st Dist.] Jan. 20, 1994, no pet). Thereafter, Vogt challenged his conviction further by filing more than one unsuccessful application for a state writ of habeas corpus under Article 11.07 of the Texas Code of Criminal Procedure.[2]

On May 4, 2018, Vogt executed the pending Petition for a federal writ of habeas corpus.[3] Vogt contends that he is entitled to relief because his guilty plea and direct appeal proceedings were tainted by ineffective assistance of counsel.[4] Vogt argues further that he was guilty of trespassing, at most, and not burglary of a building.[5]

Court records confirm that Vogt has filed at least two other federal habeas corpus petitions challenging the same conviction. See Vogt v. Collins, Civil No. 4:97-2553 (S.D. Tex. Aug. 27, 1998) (dismissing the petition with prejudice on the merits); Vogt v. Johnson, Civil No. 4:99-2951 (S.D. Tex. Jan. 4, 2000) (listing the claims raised by Vogt in both federal habeas proceedings and dismissing the petition as an unauthorized successive writ application). Acknowledging that he has previously attempted to

---

[2] Id. at 3-4.

[3] Id. at 10.

[4] Id. at 6.

[5] Id. at 7.

challenge the same conviction on federal review, Vogt concedes that he has not received permission from the Fifth Circuit to raise a successive challenge.[6]

## II. Discussion

This case is governed by the Anti-Terrorism and Effective Death Penalty Act (the "AEDPA"), codified as amended at 28 U.S.C. § 2244(b), which imposes restrictions on the filing of "second or successive" applications for habeas relief. Before a second or successive application permitted by this statute may be filed in a district court the applicant must move in the appropriate court of appeals for an order authorizing the district court to consider the application. See 28 U.S.C. § 2244(b)(3)(A). To the extent that the pending Petition qualifies as a successive writ application, the court has no jurisdiction to consider it absent prior authorization from the Fifth Circuit.

The Fifth Circuit has recognized that "a prisoner's application is not second or successive simply because it follows an earlier federal petition." In re Cain, 137 F.3d 234, 235 (5th Cir. 1998). A subsequent application is second or "successive when it: (1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or (2) otherwise constitutes an abuse of the writ." Id.; see also United States v. Orozco-Ramirez, 211 F.3d 862, 867 (5th Cir. 2000).

---

[6]Id. at 8 ¶ 22.

-3-

All of Vogt's proposed claims were available to him at or around the time of his guilty plea in 1993 or his direct appeal in 1994, meaning that these claims could have been presented previously. Because his claims could have been raised long ago, the pending Petition meets the second-or-successive criteria.

The issue of whether a habeas corpus petition is successive may be raised by the district court sua sponte. See Rodriguez v. Johnson, 104 F.3d 694, 697 (5th Cir. 1997). Because the pending Petition is successive, the petitioner is required to seek authorization from the Fifth Circuit before this court can consider it. See 28 U.S.C. § 2244(b)(3)(A). "Indeed, the purpose of [28 U.S.C. § 2244(b)] was to eliminate the need for the district courts to repeatedly consider challenges to the same conviction unless an appellate panel first found that those challenges had some merit." United States v. Key, 205 F.3d 773, 774 (5th Cir. 2000) (citing In re Cain, 137 F.3d 234, 235 (5th Cir. 1998)). Absent such authorization this court lacks jurisdiction over the Petition. Id. at 775. Because the petitioner has not presented the requisite authorization, the Petition will be dismissed as an unauthorized successive writ.

### III. Certificate of Appealability

Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order that is adverse to the petitioner. A

certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that 'reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" Tennard v. Dretke, 124 S. Ct. 2562, 2565 (2004) (quoting Slack v. McDaniel, 120 S. Ct. 1595, 1604 (2000)). Where denial of relief is based on procedural grounds the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." Slack, 120 S. Ct. at 1604.

A district court may deny a certificate of appealability, sua sponte, without requiring further briefing or argument. See Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000). For reasons set forth above, this court concludes that jurists of reason would not debate whether any procedural ruling in this case was correct or whether the petitioner states a valid claim for relief. Therefore, a certificate of appealability will not issue.

### IV. Conclusion and Order

Accordingly, the court **ORDERS** as follows:

1. The Petition for a Writ of Habeas Corpus By a Person in State Custody filed by Melvin Joseph Vogt

(Docket Entry No. 1) is **DISMISSED without prejudice**.

2. A certificate of appealability is **DENIED**.

The Clerk shall provide a copy of this Memorandum Opinion and Order to the petitioner.

**SIGNED** at Houston, Texas, on this the 5th day of June, 2018.

SIM LAKE
UNITED STATES DISTRICT JUDGE